IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NOEL LECHUGA-RODRIGUEZ,

Petitioner,

v.                                                          No. 1:26-cv-01624-KG-GJF

TODD LYONS, et al.,

Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Noel Rodriguez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 5.  Because Petitioner's challenge presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### I.      Background

Petitioner, a Mexican citizen, entered the United States in 2018.  Doc. 1 at 2.  In March 2026, Immigration Customs and Enforcement ("ICE") agents arrested Petitioner in Lovington, New Mexico, after he was arrested by Lovington Police.  *Id.* at 2.  Petitioner remains detained at the Torrance County Detention Center in New Mexico.  Doc. 1 at 1.  Petitioner has not been afforded a bond hearing.

Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment. Doc. 1 at 6.  He seeks immediate release from custody.  Doc. 1 at 8.

### II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is

"in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    Analysis

The Court concludes that Petitioner's detention violates the INA and the Due Process Clause of the Fifth Amendment and that release is warranted.

#### A.    *Petitioner's detention violates the Due Process Clause.*

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

#### B.    *The proper remedy is release.*

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant

*any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo.) (same).

## *IV.*    *Conclusion*

For the reasons above, the Court orders that:

1.  The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2.  Before Petitioner's removal order becomes final, the Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral immigration judge at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.  This Order does not affect the Government's ability to detain Petitioner once his removal order becomes final—at that point, his detention is governed by the mandatory detention provision of § 1231.

3.  The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

3